No. 7556.

CITY OF NEW ORLEANS vs. NEW-ORLEANS CANAL AND BANKING COMPANY.

The charter of the New-Orleans Canal and Banking Company, granted in the year 1831, which exempted its stock from taxation, did not exempt it from the payment of a license tax.

No legislative act or charter can exempt any particular bank or company from license taxation, under the constitution of 1868. If any exemption be claimed, it must be of a *class*, not of any individual of a class.

APPEAL from the Third District Court, parish of Orleans. *Monroe,* J.

*Sam. Blanc,* assistant city attorney, for plaintiff and appellee.

*John & W. S. Finney* for defendant and appellant.

Sam. P. Blanc, assistant city attorney, for plaintiff and appellee, contended:

First—That since the adoption of the constitution of 1868 no exemption from taxation can be conferred on any special individual of a class. See 31 A. 292, 440, 519, and 637 ; 27 A. 646, 648, and 376.

Second—That the original charter of the New-Orleans Canal and Banking Company did not exempt it from the payment of license taxes. See section 26 of that charter.

John & W. S. Finney, contra, contended :

First—There is nothing in the constitution of 1868 which prohibits the legislature from exempting a class of occupations.

Second—Taking the free banks as a class, the legislature might exempt them from a license on their business. If it could do so, it has done it, by section 307 of the Revised Statutes. Section 315 is not in conflict; on the contrary, it supports this construction of art. 307. It recognizes the exemption of banks from paying license, when the legislature thinks proper to do so.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff sues for nine thousand dollars, the amount of municipal licenses for the years 1870–1878 both inclusive, which it is claimed the defendant owes as a Bank.

The defence is that by an act of March 5, 1831, this Bank in its charter was exempted from all State, parish, and municipal taxes in consideration of certain acts to be done by it, all of which have been done, and that this exemption from taxes includes licenses ;

That by act of March 16, 1870, its charter was extended twenty-five years from and after that year, and its capital stock was then made subject to taxation at the same rate as other personal property, and that this in legal effect excluded the right of exacting a license.

The questions presented by this defence are no longer open, and have been decided adversely to the defendant.   New Orleans v. St. Anna Asylum, 31.Annual, 292.   La. Cotton and Manufac. Co. v. New Orleans, Ibid. 440.   State v. Southern Bank, Ibid. 519.   New Orleans v. La. Savings Bank, Ibid. 637.

The lower court, on the authority of those cases, gave judgment for eight thousand dollars, the amount of licenses sued for except that for 1870, but considered that the Bank was exempt under its old charter from a license tax, which charter did not expire until the last day of that year.   The plaintiff, answering the appeal, has prayed an amendment of the judgment so as to include the license for that year.

The old charter reads, in consideration of certain property vesting in the State after a specified period, "the stock of said company shall be exempt from taxation by the State, or by any parish or body politic under the authority of the State, for the whole term of this charter." Sec. 26 sess. Acts 1831, p. 56.

Primarily every thing is liable to taxation.   Exemptions are construed strictly.   They apply only to what is specially enumerated.   A law that declares the stock of a company shall be exempt from taxation implies that nothing but the stock shall be exempt.

This court has repeatedly held that no act or charter can exempt any particular bank or company from license taxation under the constitution of 1868.   If any exemption be claimed, it must be of a class, and we have just now sustained an exemption claimed by the People's Bank because it, with others constituted a class, distinguishable by well-marked features from others.   It is not pretended that the defendant can come under the rule applied in that case.   Therefore

It is ordered and decreed that the judgment of the lower court dismissing the claim for the license of 1870 is avoided and reversed, and that the judgment of that court be amended by inserting nine thousand dollars instead of eight thousand as the sum recovered, and by inserting also "with legal interest on one thousand dollars from February 28, 1870," and as thus amended, that it be affirmed with costs in both courts.

Rehearing refused.